# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-60725-BLOOM/Valle

FRANKLIN MONTANEZ,

      Plaintiff,

v.

EAST COAST WAFFLES, INC.,

      Defendant.

_____/

## ORDER ON MOTION FOR REMAND

**THIS CAUSE** is before the Court upon Plaintiff Franklin Montanez's ("Plaintiff" or "Montanez") Motion for Remand. ECF No. [8] (the "Motion"). These proceedings arise from an action originally filed by Montanez in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. Montanez moves the Court to remand proceedings back to state court. Defendant East Coast Waffles, Inc. ("Defendant" or "East Coast Waffles") opposes the Motion. For the reasons stated below, the Court grants Montanez's Motion for Remand and denies the request for attorneys' fees made therein.

## I. BACKGROUND

On or about March 13, 2017, Montanez, a Florida resident, filed a Complaint against East Coast Waffles, a corporation with its principal place of business in Georgia, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. ECF No. [1] at ¶ 1. The Complaint alleges that East Coast Waffles was negligent in allowing water to accumulate on the floor of its premises, causing Montanez to slip and fall, sustaining serious personal injuries. ECF No. [1-2] at ¶¶ 6, 10.

East Coast Waffles timely filed a notice of removal on April 13, 2017 based on diversity jurisdiction. *Id.* In its notice of removal, East Coast Waffles asserted that the amount in controversy exceeded $75,000. *Id.* at ¶ 5. This assertion was based on a pre-suit settlement demand of $100,000 by Montanez, which contemplated monetary compensation for bodily injury, pain and suffering, loss of consortium, disfigurement, disability, mental anguish, past and future medical expenses, lost wages, and impairment of ability to earn future wages. *See* ECF. No. [1-3]. Montanez now moves for remand arguing that Defendant "relies entirely upon Plaintiff's pre-suit demand letter and negotiations" and that the amounts demanded in the pre-suit demand letter "contained 'puffery' and was never intended to liquidate Plaintiff's uncertain damages claim." ECF No. [8] at ¶¶ 2, 3. In his Motion for Remand, Montanez also makes a request for attorneys' fees and costs in accordance with 28 U.S.C. § 1447(c). *Id.* at ¶ 4.

## II.    LEGAL STANDARD

"A removing defendant bears the burden of proving proper federal jurisdiction." *Coffey v. Nationstar Mortg., LLC*, 994 F. Supp. 2d 1281, 1283 (S.D. Fla. 2014). District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (citation omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of

removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted).

"[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See id.* "However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand." *Chiu v. Terminix Co. Int'l, L.P.*, 2016 WL 1445089, at *1 (M.D. Fla. Apr. 13, 2016) (citing *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

## III.    DISCUSSION

### A.  Motion for Remand

For the reasons explained below, the court finds that East Coast Waffles has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Absent such a showing, this Court lacks jurisdiction.

In opposing Montanez's Motion to Remand, Defendant relies in part on *Lutins v. State Farm Mutual Auto. Ins. Co.*, 2010 WL 6790537, *1 (M.D. Fla. Nov. 4, 2010). ECF No. [15] at 5-6. In *Lutins*, the defendant removed based on diversity jurisdiction after the plaintiff filed a complaint in state court that did not specify the amount sought in damages. *Id*. Before filing the complaint, the plaintiff sent the defendant a demand letter for $200,000, consisting of "medical costs" and future surgery estimates ranging between $75,000 and $90,000. *Id*. The plaintiff moved to remand on the grounds that the defendant failed to demonstrate that the amount in controversy met the threshold required for federal diversity jurisdiction. *Id*. The court denied

the motion for remand, finding that the pre-suit demand letter, coupled with "common sense and judicial experience," supported a finding that the amount in controversy was met.  *Id.*

Here, as in *Lutins*, the complaint does not specify the amount in damages, so the Court may look to East Coast Waffles' notice of removal and the accompanying demand letter.  *See Miedema*, 450 F.3d at 1330.  However, the purported facts represented in these documents differ from those in *Lutins* in one important aspect: although Montanez demanded $100,000 to settle, the bills provided show only $7,645 in incurred medical expenses, well below the $75,000 amount in controversy threshold.  *See* ECF No. [15] at 7 (referring to the demand package that was attached to Montanez's demand letter) (citing ECF Nos. [15-3], [15-4]).  East Coast Waffles nevertheless emphasizes that the demand package accompanying Montanez's demand letter forecasts future medical costs, such as "x-rays, therapy, and MRI studies [that] will cost approximately **$3,500 per year** at present cost" and "[e]pidural injections [that will] cost approximately **$2,000** each."  *Id.* at 7 (emphasis in original).  According to East Coast Waffles, "[w]hen Plaintiff's outstanding medical charges are combined with even a portion of the amount of alleged future treatment, this *quantifiable* medical expense amount alone . . . exceeds the jurisdictional amount in controversy."  *Id.* at 8 (emphasis added).  However, in contrast to the specific surgery estimates between $75,000 and $90,000 in *Lutins*, East Coast Waffles makes no attempt to actually quantify the anticipated medical expenses upon which it relies.  Indeed, in addition to its lack of any estimate of those anticipated medical expenses, East Coast Waffles' summary of the demand package undercuts the claim that an accurate quantification of them is possible.  *See id.* at 7 ("This treatment is *most likely* to consist of future therapy . . . and the *probability* of new MRI studies.") (emphasis added); *cf. Chiu*, 2016 WL 1445089, at *3 ("The pre-suit demand letter states that Plaintiff's future medical treatment could include chiropractic

care, massage therapy, electric muscle stimulation, epidural blocks, myelograms, MRSs, surgery, physical therapy, and medications. *This future medical treatment is valued at $803,638.84.*") (emphasis added). The Court finds this determinative under the circumstances. *See Olivio v. Big Lots Stores, Inc.*, 2012 WL 7151222, at *2 (M.D. Fla. Dec. 27, 2012) (noting that the plaintiff's demand letter "did not include an explanation of how she arrived at her $295,000 damage calculation[] [and] *failed to estimate the cost of future expenses* (i.e., future medical treatment, expected lost wages, etc.)") (emphasis added); *see also Reynolds v. Busch Entm't Corp.*, 2003 WL 25569730, at *5 (M.D. Fla. June 18, 2003) ("Although the Plaintiff's demand letter makes one specific statement concerning Plaintiff's annual salary, the remaining allegations in the letter do not set forth any specific details as to the amount of damages. Instead, the demand letter merely makes broad statements concerning the types of injuries and treatments which may be required."). *But see Mick v. De Vilbiss Air Power Co.*, 2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010) (holding that the plaintiff's demand letter demanding $175,000 and setting forth past medical bills of $11,000 and a demonstrated wage loss of $28,000 "contain[ed] sufficient facts to evaluate Plaintiff's demand that Defendant pay $175,000 to settle the claim" and was "evidence of Plaintiff's view of the amount in controversy").

To be sure, to the extent that East Coast Waffles relies solely on the $100,000 settlement demand, *see* ECF No. [1] at ¶ 5, this is not enough. *See generally Wilson v. Target Corp.*, 2010 WL 3632794, at *3 (S.D. Fla. Sept. 14, 2010) ("[P]re-suit settlement offers may not be determinative, in and of themselves, of the amount in controversy."); *Mick*, 2010 WL 5140849, at *2 ("Indeed, not every demand letter is persuasive in determining the amount in controversy. A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered nothing more than mere posturing.") (internal quotation marks and citation omitted). Normally,

the "Court gives preference to the plaintiff's own assessment of the value of [his] case." *Castellanos v. Target Corp.*, 2011 WL 384292, at *3 (S.D. Fla. Feb 3, 2011). In this matter, however, Montanez asserts that the amounts demanded in his demand letter contained "puffery" and were never intended to liquidate his uncertain damages claim. ECF No. [8] at ¶ 3. Given this assertion, and in light of the fact that Montanez's medical records and bills only reflect $7,645 in incurred medical expenses, the settlement demand does not satisfy East Coast Waffles' burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant further relies on a more comprehensive approach that, "when taking into account the allegations of damages in the Complaint, Plaintiff's $100,000 pre-suit demand, the extent of his injuries, Plaintiff's medical expenses, a potential lost wage claim, a loss of earning capacity claim and Plaintiff's future life and work-life expectancy, it is more likely than not that the amount in controversy in this matter exceeds $75,000." ECF No. [15] at 9. However, in the absence of supporting facts, mere beliefs and speculations regarding the general allegations made in the Complaint are insufficient. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007). "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars. Neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Justice v. Jeff Lindsey Communities, Inc.*, 2011 WL 744773, at *3 (M.D. Ala. Feb. 25, 2011) (quoting *Lowery*, 483 F.3d at 1215); *see also, e.g.*, *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1292-93 (M.D. Fla. 2009) (finding insufficient and rejecting as "mere speculation" the defendant's contention that "the severe nature of Plaintiff's injuries and the damages Plaintiff seeks[] make it clear that Plaintiff's damages exceeds $75,000").

Overall, in light of Montanez's denial of the $100,000 pre-suit demand figure as an accurate depiction of damages, the Complaint and the medical expenses outlined in the demand package accompanying Montanez's demand letter do not demonstrate by a preponderance of the evidence that the amount in controversy is over $75,000. *See Barker v. Dollar Gen.*, 778 F. Supp. 2d 1267, 1269 (M.D. Ala. 2011) ("Where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of the remand.") (quoting *Burns*, 31 F.3d at 1095). The Court notes East Coast Waffles' final argument that Montanez, in order to avoid this Court's jurisdiction, has left "glaringly absent from [his] Motion to Remand [an] allegation that [his] claim *does not* exceed $75,000." ECF No. [15] at 8 (emphasis in original). However, the burden of showing that the amount in controversy exceeds $75,000 rests upon the defendant. *See Coffey*, 994 F. Supp. 2d at 1283. East Coast Waffles has not met its burden of proving that the amount in controversy exceeds the jurisdiction threshold.

### B. Request for Attorneys' Fees and Costs

Montanez's Motion for Remand also requests an award of attorneys' fees and costs. ECF No. [8] at ¶ 4 (quoting 28 U.S.C. § 1447(c)). Under 28 U.S.C. § 1447(c), "an order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis added). *See generally Fernandez v. Pilot Travel Ctrs LLC*, 2007 WL 3379848 at *2 (M.D. Fla. Nov. 14, 2007) (explaining that the use of the word "may" under 28 U.S.C. § 1447(c) dictates that the court "has the authority but not the obligation to include an award of attorney's fees in an order remanding a case to state court"). Here, however, Montanez has made no argument in support of his request for attorneys' fees and costs and has failed to reply to East Coast Waffles' arguments against the request, which are well-taken. *See* ECF No. [15] at 8-9. Moreover, the court finds no basis to grant the request for

attorneys' fees and costs—such as the lack of an objectively reasonable basis in East Coast Waffles' removal of this case—given Montanez's pre-suit demand letter. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Montanez's Motion for Remand, **ECF No. [8]**, is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County.

2. Montanez's request for attorneys' fees and costs is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case. All pending motions in this matter are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 12th day of June, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record